## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| Cale Johnson Construction, Inc., | ) | |
| | ) | |
| Plaintiff/Counterclaim Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Mark Bucher and Amy Bucher, | ) | |
| Mark Bucher Revocable Trust Dated | ) | |
| May 18, 2023, Amy Bucher Revocable | ) | |
| Trust Dated May 18, 2023, and Amy | ) | |
| Bucher Tee, | ) | C.A. S24L-01-005 MHC |
| | ) | |
| Defendants/Counterclaim and | ) | |
| Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Cale Johnson and Jordan Williams, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |
| | ) | |

## OPINION & ORDER

Submitted:  March 12, 2025
Decided:  April 7, 2025

Defendants' Motion to Reargue - **DENIED**

Victoria K. Petrone, Esquire, Attorney for Plaintiff Cale Johnson Construction, Inc.
Armand J. Della Porta, Jr., Esquire, Attorney for Counterclaim Defendant Cale Johnson Construction, Inc. and Third-Party Defendants, Cale Johnson and Jordan Williams
Daniel Griffith, Esquire, Attorney for Defendants/Third-Party Plaintiffs Mark Bucher and Amy Bucher

**CONNER, J.**

Before the Court is a motion for reargument pursuant to Rule 59(e) of the Superior Court Rules of Civil Procedure brought by Defendants/Third-Party Plaintiffs Mark and Amy Bucher ("the Buchers").

Third-Party Defendants Cale Johnson and Jordan Williams were dismissed pursuant to an Opinion and Order dated February 27, 2025. The Third-Party Defendants were dismissed on three grounds: (1) a direct breach of contract theory fails because Third-Party Defendants were not parties to the contract, and the Buchers thereby fail to state a claim of direct liability against them; (2) the negligence theory against Third-Party Defendants was entirely based on their contractual performance and thus Plaintiff employer would be liable under a theory of *respondeat superior*; and (3) claims which were supposedly beyond the scope of the agreement (thereby creating independent liability for Third-Party Defendants), referred to as "extracontractual claims," were improper attempts to pierce the corporate veil.

The Buchers move to reargue only the third theory of liability. The Buchers take umbrage with the Court's characterization of the extracontractual claims, asserting they were beyond the scope of the contract. The Buchers direct the Court to examine four allegations, discussed more in depth below, keeping in mind the caselaw of *Continental Finance Company, LLC v. ICS Corporation*.[1] Additionally,

---

[1] 2020 WL 836608 (Del. Super. Feb. 20, 2020).

the Buchers argue that quantum meruit and unjust enrichment claims against the Third-Party Defendants should be allowed as causes of action.

A motion for reargument is granted only when the court "has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[2] A motion for reargument should not be used merely to rehash the arguments already decided by the court.[3]

### (1) The Four Misrepresentations are not independent of the contract and thus are not "beyond the scope of the agreement."

The Buchers direct the Court to examine *Continental Finance Company, LLC v. ICS Corporation*, a case that provides that:

> In Delaware, a plaintiff cannot "bootstrap" a breach of contract claim into a fraud claim. In order for a breach of contract claim and a fraud claim to survive in a single action, "the plaintiff must allege that the defendant breached a duty that is independent of the duties imposed by the contract."[4]

In *Continental Finance*, the Superior Court found that a claim for fraud against the employee individually for actions "over and above [the company's] breach of its contractual obligations" failed to allege a legal duty independent of the contract.[5]

---

[2] *Lesh v. Ev3, Inc.*, 2012 WL 4167618 at *1 (Del. Super. Aug. 23, 2012) (quoting *State Farm Fire & Cas. Co. v. Middleby Corp.*, 2011 WL 2462661 at *2 (Del. Super. June 15, 2011)).
[3] *Id.* (citing *Wilmington Tr. Co. v. Nix*, 2002 WL 356371 (Del. Super. Feb. 21, 2002)).
[4] 2020 WL 836608, at *3 (Del. Super. Feb. 20, 2020) (citations omitted).
[5] *Id.*

The only duty identified was a "duty not to lie" and the allegedly false invoices were only characterized as false by comparison to what was required under the contract.[6]

By citing *Continental Finance*, the Buchers provide this Court with a perfect example as to why dismissal of the third-party defendants was appropriate. In other words, the Buchers fail to identify a controlling precedent in their favor or misapprehension of the law.

The Buchers allege four specific fraudulent misrepresentations "beyond the terms of th[e] agreement."[7] *Continental Finance* directs parties to specifically allege what legal duty exists independent of the contract.[8] However, the Buchers do not specifically allege independent legal duties for any of these four misrepresentations.

The first fraudulent representation the Buchers point to is, "Mr. Johnson, in his individual capacity, misrepresented that construction would begin promptly and be completed by May 11, 2023, an important factor upon which the Buchers relied in choosing their contractor." This is clearly a negotiated term of the agreement stated by the owner of Plaintiff company. Failing to perform by the negotiated start time is a breach of contract, not fraud. It is interesting to note that if the Buchers believed they were being defrauded at this point in the contract they continued with

---

[6] *Id.*

[7] Mot. for (Partial) Re-Arg. Pursuant to Super. Ct. Civ. R. 59(e) on Behalf of Defs./Third-Party Pls., Mark and Amy Bucher at 8.

[8] *Cont'l Fin. Co., LLC v. ICS Corp.*, 2020 WL 836608, at *3 (Del. Super. Feb. 20, 2020) (citing *EZLinks Golf, LLC v. PCMS Datafit, Inc.*, 2017 WL 1312209, at *3 (Del. Super. March 13, 2017)).

4

the Plaintiffs as their contractor. This representation is not a fraud claim independent of the duties imposed by the contract.

The second fraudulent representation the Buchers allege is, "Mr. Johnson assured Mr. Bucher that someone from CJC would be on the site every day. In the same way, Mr. Johnson and/or Mr. Williams would advise Mr. Bucher when subcontractors or supplies would be at the property. However, . . . these representations were inaccurate. . . ." In other words, the progress reports were inaccurate. Progress reports are clearly part of the performance of the contract. Like in *Continental Finance*, a vague characterization to the moral duty to be truthful is insufficient to support a fraud claim.[9]

The third fraudulent representation the Buchers allege is, "Mr. Johnson and Mr. Williams represented that their work on the project was complete (i.e., the contract had been fulfilled) and then demanded extra-contractual money." This is specifically a representation about the performance under the contract, not independent of those contractual duties. Furthermore, this action was brought by Plaintiff company, not the individual employees, because Plaintiff company is seeking payment for its performance under the contract. The Buchers contest the scope of the contract, but that does not mean the contested payment is "extra-contractual money" fraudulently sought by Plaintiff's employees.

---

[9] *See id.*

5

The fourth fraudulent representation the Buchers allege is, "Mr. Johnson misrepresented facts concerning his payment of subcontractors when, in fact, subcontractors refused to return to the property to fix warranty items because Mr. Johnson had not paid them." These are alleged misrepresentations by employees of Plaintiff company regarding the general contractor and subcontractors' performance under the contract. Again, a vague characterization to the moral duty to be truthful is insufficient to support a fraud claim.[10]

### (2) Unjust enrichment and quantum meruit are not allowed to be used to impose contractual claims on those not a party to the contract.

"Unjust enrichment cannot be used to circumvent basic contract principles recognizing that a person not a party to a contract cannot be held liable to it."[11] As explained in the prior Opinion and Order, Third-Party Defendants were not individual parties to the contract. Unjust enrichment and quantum meruit theories of recovery are not allowed to be maintained against employees who are not parties to the contract. To the degree individual liability is warranted by notions of equity based on the employees' misconduct which diverged from the Plaintiff company, that is piercing the corporate veil which the Superior Court lacks subject matter jurisdiction.

---

[10] *See Cont'l Fin. Co., LLC v. ICS Corp.*, 2020 WL 836608, at \*3 (Del. Super. Feb. 20, 2020).

[11] *Kuroda v SPJS Hldgs., L.L.C.*, 971 A.2d 872, 880, 889 (Del. Ch. 2009).

As a final argument, the Buchers argue that they should have been granted an opportunity to amend their complaint to remedy the deficiencies of the pleadings. First, the Buchers did not make this request in their opposition to the Motion to Dismiss. Secondly, if the Buchers were allowed to amend the complaint, the result would be the same inappropriate attempt to bootstrap claims to pierce the corporate veil.

The Defendants' Motion for Reargument is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Mark H. Conner*

Mark H. Conner, Judge

xc: Prothonotary